# In the United States Court of Federal Claims

| |
|---|
| THERESE M. GULOY, |
| Plaintiff, |
| v. |
| THE UNITED STATES, |
| Defendant. |

No. 25-cv-1668

Filed: October 27, 2025

## MEMORANDUM AND ORDER

Plaintiff Therese Miller Guloy, proceeding *pro se*, seeks to challenge a Washington State court's decision regarding custody over her child. As this Court lacks jurisdiction over Plaintiff's claims, the Court must **DISMISS** Plaintiff's Complaint. *See* Rule 12(h)(3).

## BACKGROUND

On October 6, 2025, Plaintiff filed her Complaint and a Motion to Proceed *In Forma Pauperis* in this Court. ECF No. 1 (Complaint or Compl); ECF No. 2 (IFP Motion). Plaintiff's Complaint states three counts: (1) "Violation of Parental Rights," (2) "Deprivation of Due Process," and (3) "Emotional Distress and Negligence." *Id*. at 2. In addition to this listing of counts, Plaintiff's Complaint appears to lodge claims stemming from the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fifth Amendment, the Eighth Amendment, violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., various federal and state statutes, violations of parental rights, emotional distress, negligence,

violation of privacy, and violation of human rights. Compl. at 1–2, 5–6.[1] These claims all arise from Plaintiff's dissatisfaction with a Washington State court order regarding custody of Plaintiff's child. *Id.* at 2. Plaintiff also states several other concerns regarding the custody arrangement for her child throughout her Complaint, including alleging the child was vaccinated without her consent, a biased "family evaluation" conducted by a doctor, and complications with her state court legal representation. *Id.* at 2–4. As none of Plaintiff's claims—which arise from a state court decision, several statutes, the Constitution, and international conventions—identify a money-mandating source of federal law, this Court lacks jurisdiction over this matter and must dismiss the Complaint pursuant to Rule 12(h)(3). Simply put, Plaintiff has sued in the wrong court.

## <u>APPLICABLE LEGAL STANDARDS</u>

This Court is of limited jurisdiction. *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014) ("The Court of Federal Claims is a court of limited jurisdiction."). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any enforceable right against the United States on its own, nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, a plaintiff must

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

"identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

"[T]he court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see* Rule 12(h)(3) ("If the [Court of Federal Claims] determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Radogna v. United States*, No. 2022-1811, 2022 WL 4955322, at *1 (Fed. Cir. Oct. 4, 2022) ("The rules of the Court of Federal Claims require the court to dismiss an action if 'the court determines at any time that it lacks subject-matter jurisdiction.'") (quoting Rule 12(h)(3)); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012). When determining jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

Further, this Court liberally construes filings submitted by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while the Court holds such plaintiffs to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). Additionally, while this Court permits ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

In her Complaint, Plaintiff lists the following defendants: Judge Rebecca Guptill, Annette Cornish, James Goldstein, Travis Hadley, and Charlene Sabin. Compl. at 1. None of the listed persons are affiliated with Defendant United States. As noted, Plaintiff alleges a variety of violations of law; however, none are money-mandating in nature, and none of the claims are lodged against the United States in any respect. The Court of Appeals for the Federal Circuit has plainly stated that "[t]he United States is the only proper defendant in the Claims Court." *Lofton v. United States*, No. 2024-1959, 2025 WL 350360, at *1 (Fed. Cir. Jan. 31, 2025) (citing 28 U.S.C. § 1491(a)(1); *see Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of [this] court."); 28 U.S.C. § 1491(a). The Court lacks jurisdiction over claims against Judge Guptill, a state court judge. *See id.* The Court also lacks jurisdiction over the other named individuals, including Annette Cornish, the "ADA Coordinator" for the Washington State court, James Goldstein, opposing counsel to Plaintiff in the Washington State court action, Travis Hadley, the father of Plaintiff's child, and Charlene Sabin, a "Family Evaluator." *See id.*; Compl. at 1–2; *Flores v. United States*, 165 Fed. Cl. 228, 232 (2023), *appeal dismissed*, No. 2023-1879, 2023 WL 4924809 (Fed. Cir. Aug. 2, 2023) (citing *Sherwood*, 312 U.S. at 588) ("[The Court of Federal Claims'] jurisdiction does not extend to cases against private parties or government employees in their individual capacities."). Accordingly, the Court lacks jurisdiction because Plaintiff does not bring this action against the United States.

Turning to the sources of law under which Plaintiff brings her claims, Plaintiff first challenges the results of a Washington State court custody dispute concerning her child, alleging that her parental rights have been violated. *See* Compl. at 2. Specifically, Plaintiff states:

> I, Therese Miller Guloy, hereby submit this claim seeking compensatory damages for the violations of my parental rights, due process, and constitutional protections. The actions and decisions of the Washington County Courthouse, Judge Rebecca Guptill, and other involved parties have caused significant emotional distress, financial losses, and harm to my relationship with my child.

*Id.*  It is well-established, however, that this Court lacks jurisdiction to review state court decisions. *See* 28 U.S.C. § 1491; *Gordon v. United States*, No. 2025-1016, 2025 WL 635446, at *1 (Fed. Cir. Feb. 27, 2025) ("The trial court was clearly correct that it could not entertain . . . collateral attacks on the . . . state court proceedings . . . because it only has jurisdiction over claims against the United States."); *Jones v. United States*, 440 F. App'x. 916, 918 (Fed. Cir. 2011) ("To the extent that [the plaintiff] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court] does not have the authority to review such decisions."); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals[.]").  Therefore, to the extent Plaintiff seeks the review of the Washington State court decision regarding her child custody agreement, this Court lacks jurisdiction to grant such review.  *See Sherwood*, 312 U.S. at 588 (Tucker Act jurisdiction "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Regarding Plaintiff's constitutional claims, the Court again lacks jurisdiction.  While this Court may exercise jurisdiction over constitutional claims, it may only do so when those claims are money-mandating.  *Chisum v. United States*, No. 2025-1562, 2025 WL 2836408 at *2 (Fed. Cir. Oct. 7, 2025) ("[T]he Court of Federal Claims' limited jurisdiction does not include . . . non-money-mandating constitutional provisions."); *see Fisher*, 402 F.3d at 1173 (requiring this Court

to determine whether a constitutional provision is money-mandating to assert jurisdiction). Plaintiff asserts that "she was deprived of her liberty interest in her child without due process of law," and that she "was denied equal protection under the law, in violation of the [Fourteenth] Amendment." Compl. at 1. Plaintiff also alleges that she has undergone "cruel and unusual punishment." *Id*. The Court lacks jurisdiction over these claims. Indeed, the Federal Circuit recently held that "the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations." *Nwosu v. United States*, No. 2025-1178, 2025 WL 384492, at *1 (Fed. Cir. Feb. 4, 2025) (citing *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013)) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). Further, "[t]he Court of Federal Claims . . . does not have jurisdiction to render judgment on violations of the Eighth Amendment because it is not money mandating.'" *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (quoting *Edelmann v. United States*, 76 Fed. Cl. 376, 383 (2007)) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'"); *Taylor v. United States*, 168 Fed. Cl. 696, 702 (2023). As the Fourteenth Amendment Due Process Clause, the Equal Protection Clause, and the Eighth Amendment are not money-mandating and thus do not provide a cause of action under the Tucker Act, this Court lacks jurisdiction over Plaintiff's Constitutional claims.

Plaintiff also asserts claims pursuant to the ADA, including an alleged "[f]ailure to accommodate a disability," "[d]enial of reasonable modifications," and "[d]iscrimination based on a disability." Compl. at 5. However, the ADA is not a money-mandating source of law, and this

Court lacks jurisdiction over such claims. *See Guskin v. United States*, 771 F. App'x 476, 478 (Fed. Cir. 2019) (quoting *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) ("[W]hile the Complaint alleges a violation of the [ADA], 'the ADA is not a money-mandating source of law' under the Tucker Act."); *Holland v. United States*, 149 Fed. Cl. 543, 555 (2020), *aff'd*, No. 2021-1027, 2021 WL 3891106 (Fed. Cir. Sept. 1, 2021).

In her Complaint, Plaintiff states the following tort claims: "Tort claim: Emotional Distress, Negligence, and Abuse of Process." Compl. at 1. It is also well established, however, that this Court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); *Lopez v. United States*, No. 2024-1860, 2025 WL 685917, at *2 (Fed. Cir. Mar. 4, 2025) (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)) ("[T]he Court of Federal Claims correctly identified that it lacks jurisdiction over tort actions against the United States."); *Eerhart v. United States*, No. 25-CV-1204, 2025 WL 2049710, at *2 (Fed. Cl. July 22, 2025).

Finally, Plaintiff alleges violations of her parental rights due to her dissatisfaction with the outcome of her statue court custody dispute. Compl. at 2. Plaintiff also alleges violations of "Human Rights Laws." *Id*. at 5. Plaintiff alleges violations of various attorney and juridical ethical codes of conduct, state laws and statutes, and the Violence Against Women Act, Pub. L. No. 103-322, 108 Stat. 1796 (1994). *Id.* at 6. However, Plaintiff brings these claims against private and state-affiliated individuals, not the United States, and Plaintiff also fails to cite a money-mandating source of federal law. *Id* at 2. Accordingly, Plaintiff has failed to establish jurisdiction in this Court, both because "[c]laims that seek relief 'against others than the United States' are 'beyond the jurisdiction of this court,'" and because Plaintiff identifies no "source of substantive law that

creates the right to money damages." *Tanser v. United States*, No. 2025-1226, 2025 WL 1892738, at *1 (Fed. Cir. July 9, 2025) (quoting *Sherwood*, 312 U.S. at 584); *Fisher*, 402 F.3d at 1172.

<u>**CONCLUSION**</u>

As this Court lacks jurisdiction over Plaintiff's claims, the Court must **DISMISS** Plaintiff's Complaint (ECF No. 1) pursuant to Rule 12(h)(3). The Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) as Plaintiff submitted documentation satisfying the statute's requirements. See 28 U.S.C. § 1915. The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge